UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MARTA G. WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14-cv-82-TRM-SKL |
| ) | |
| ROBERT L. BEVILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court are: (1) a joint motion of the parties seeking court approval of the settlement of Plaintiffs' collective action claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA") and entry of dismissal of all FLSA claims with prejudice [Doc. 43], and (2) an amended joint motion for approval of settlement and entry of dismissal of all FLSA claims with prejudice and a proposed amended settlement agreement ("Agreement") [Docs. 51& 52].[1] A telephonic hearing concerning the proposed settlement was held on January 14, 2016.[2] Upon consideration of the parties' amended submissions and the representations and argument of counsel, I **RECOMMEND** that the amended joint motion seeking court approval of the settlement of Plaintiffs' FLSA collective action claims be **GRANTED** and that the proposed settlement and amended Agreement be approved as being fair, reasonable and adequate.

---

[1] The joint motion seeking court approval of the settlement was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 47]. All capitalized terms used herein regarding the Agreement that are not otherwise defined have the same meaning as is set forth in the Agreement. This Report and Recommendation is made as to all Plaintiffs as defined in the Agreement.

[2] The prior settlement agreement was submitted to the Court for review as a proposed sealed document [Doc. 45-1], but the motion to seal [Doc. 44] was denied [Doc. 50] and the proposed settlement terms have been amended.

Upon agreement of the parties, the Court conditionally certified this case as an opt-in collective action [Doc. 12]. The approved consent form provided that the Representative Plaintiffs could make decisions on behalf of the opt-in Plaintiffs, including the negotiation of a resolution of the opt-in Plaintiffs' claims [Docs. 12 & 11-2]. The parties represent that the opt-in Plaintiffs have been informed of the proposed settlement and no Plaintiff has objected to the terms of the proposed settlement [Doc. 51-1].

When an employee's rights under the FLSA are violated, the statute provides for back pay in the amount of unpaid minimum wages and overtime compensation plus an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). Because Congress perceived an imbalance of bargaining power between employers and wage-hour employees, *see Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)*,* these remedies are mandatory and not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In the circumstance at issue here, an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54. To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)

(citations omitted) ("Before approving a settlement, a district court must conclude that it is 'fair, reasonable and adequate.'"); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.

In this case, the FLSA claims arise from deductions taken from Plaintiffs' pay, which allegedly caused their hourly rate to fall below minimum wage and/or below the minimum overtime amount when they worked more than forty hours per week. Reviewing the terms of the Agreement to determine if the settlement is fair and reasonable, it appears there are bona fide disputes regarding liability and the potential recovery range for each Plaintiff's FLSA claim is quite limited. The Agreement specifically notes it does not address the claim of retaliation in violation of FLSA or Tennessee state law asserted solely by Plaintiff Marta G. Williams.

The parties engaged in extensive analysis, discussion, informal discovery, and an unsuccessful mediation with a private mediator regarding the Disputes. After post-mediation, arms-length negotiations, the parties were able to reach the Agreement in order to settle the Disputes as a means of avoiding the uncertainty and expense associated with further litigation. The settlement represents 100% of Plaintiffs' alleged wage shortages during the relevant time plus an equal amount of liquidated damages. In addition, the Representative Plaintiffs will receive a reasonable "service payment" for their efforts as the named Plaintiffs who brought this action. The parties represent that under the Agreement, Plaintiffs will receive the full amount of damages to which they could be entitled under the FLSA, were this case to be tried before this Court.

No attorney's fees will be taken from the Plaintiffs' settlement payment. The parties were represented by experienced and reputable counsel, ensuring that the Plaintiffs' interests were adequately protected from any overreaching. The parties further agree that Plaintiffs' recovery is fair and complete under the FLSA and that the settlement is made without any

3

admission of fault or liability. The Representative Plaintiffs have approved the settlement for themselves and, as authorized by all Collective Action Plaintiffs, on behalf of all Plaintiffs.

The parties have also agreed to resolve Plaintiffs' claim for attorney's fees and costs pursuant to 29 U.S.C. § 216(b). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorney's fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an "award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). "The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D. N.Y. 2013). "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (citations, internal quotation marks, and alteration notation in original omitted).

While the attorney's fees in this case are significantly more than the recovery of any individual Plaintiff and more than the collective award to all Plaintiffs, it appears each Plaintiff has received 100% of his or her alleged back wages plus 100% liquidated damages as recovery. In addition, the attorneys represent that they have reduced their fees in order to effect settlement. When the maximum recovery for an employee is relatively small because the unpaid wage is relatively minor, an attorney may reasonably recover more than the employee. *See, e.g.*, *Perdomo v. Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 WL 1427752, at *10 (M.D.

4

Fla. Dec. 3, 1999) ($117,629.51 in fees and costs and $17,140.84 in damages); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955 (E.D. Wis. 2003) ($36,204.88 in fees and costs and $3,539.91 in damages); *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *4 (M.D. Fla. Oct. 6, 2005) ($7,707.40 in fees and costs and $270.00 in damages).

For an employee with minimal claims to obtain the services of an attorney, that attorney must be able to recover a reasonable fee. Indeed, the possibility of an attorney's fee that eclipses any pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims. *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307*, 732 F.2d at 503) (alteration in original) (FLSA fee award "'encourage[s] the vindication of congressionally identified policies and rights'"). It appears the attorney's fees in this matter are reasonable under the circumstances, and all parties have agreed that the attorney's fee award represents a reduction from contemporaneous billing and time records through the date of the formal mediation as of September 30, 2015 [Doc. 51-1].

After careful review of the joint motion of the parties, the Agreement, and the representations made by counsel during the hearing, I conclude that the settlement is a fair and reasonable compromise of the Disputes and that the lawsuit has provided the proper adversarial context to protect the Plaintiffs' interests from any overreaching. For these

reasons, I **RECOMMEND**[3] that:

1. The joint amended motion for approval of settlement [Doc. 51] be **GRANTED** and the proposed settlement of Plaintiffs' FLSA claims and the Agreement [Doc. 52] be **APPROVED** as a fair and reasonable compromise of bona fide issues of law and fact;

2. The original motion for approval of the settlement [Doc. 43] be **DENIED** as **MOOT**; and

3. The parties be **ORDERED** to timely submit a proper stipulation of dismissal of the FLSA claims with prejudice.[4]

                                         s/ *Susan K. Lee*
                                         SUSAN K. LEE
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[4] The claims of Plaintiff Marta G. Williams, individually, for retaliation in violation of 29 U.S.C. § 215(3) and T.C.A. § 50-1-304 are not subject to this compromise and settlement and will remain pending before this Court.

6

Case 4:14-cv-00082-TRM-SKL   Document 55   Filed 02/08/16   Page 6 of 6   PageID #: 357